Appeal of **THE SUBURBAN INVEST-**          Docket No. 1923.
         **MENT CO.**

Submitted April 2, 1925; decided May 8, 1925.

*P. J. Barnes, C. P. A.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER and LANSDON.

This is an appeal from a determination by the Commissioner of a deficiency in income and profits taxes for the years 1919 and 1920, in the amount of $1,264.36, but only $344.25 is in controversy. The question involved is the application of the net-loss provisions of section 204(b) of the Revenue Act of 1918 to the facts admitted or proved. From the stipulation of counsel and the oral and documentary evidence offered, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Kansas corporation, organized November 8, 1906. Its principal place of business is at Hutchinson, Kansas, where it has been engaged in real estate operations since the date of its incorporation.

2. No meetings of the stockholders or directors of the taxpayer were held between the dates March 1, 1917, and March 13, 1919. There was no income from business operations for the year ended December 31, 1918.

3. At a meeting of the directors of the taxpayer held on March 24, 1919, the following resolutions were adopted by an unanimous vote:

*Be it Resolved,* By the Board of Directors of the Suburban Investment Company that said corporation has been continuously engaged in carrying on the purposes of its incorporation since the forfeiture and cancellation of its charter, under Chapter 129 of the laws of Kansas of 1911, and has inadvertently let its charter be forfeited and canceled, but without intention to surrender its corporate privileges and retire from business.

*Be it Further Resolved,* That the present President and Secretary be instructed to make application to the Charter Board of the State of Kansas to set aside the said forfeiture and cancellation and accompany the same with a certified copy of this resolution and with the payment of all corporate fees owing to the State and the report as required by the laws of Kansas.

Thereafter, at a meeting of the directors of the taxpayer, the following statement was incorporated in the minutes:

During the time between the meeting of March 24th and October 29th, the Secretary, upon instructions from the Board of Directors, secured reinstatement of the State Charter for the Company, which may be found on page 56 of this book.

61359°—26——71

The minute book was in evidence at the hearing, but the certificate of reinstatement referred to in the minutes does not appear on page 56 or on any other page of the book.

On February 17, 1925, Frank Ryan, Secretary of State of the State of Kansas, made the following statement in writing, which is signed by himself as such Secretary of State, and by E. A. Cornell, as Assistant Secretary of State, and bears the official seal of the Secretary of State of Kansas:

> I, Frank J. Ryan, Secretary of State of the State of Kansas, do hereby certify that the records and files of my office show that The Suburban Investment Company, a corporation organized under the laws of the State of Kansas, filed its charter in this office January 4, 1907.
>
> I further certify that so far as shown by the files and records of this office The Suburban Investment Company is in good standing in the State of Kansas.

4. In its income and profits-tax returns for the year 1920, in conformity with the net-loss provisions of the Revenue Act of 1918, section 204(b), the taxpayer deducted the amount of $565.85, loss sustained in its operation in 1919, from its gross income. Upon auditing such returns, the Commissioner disallowed the deduction taken, and held that, by reason of the forfeiture of its charter for failure to comply with the Kansas laws governing corporations, the taxpayer was not in business or in existence in law during the year 1918.

#### DECISION.

The tax should be recomputed in conformity with the provisions of section 204(b) of the Revenue Act of 1918. Final determination will be settled on fifteen days' notice, in accordance with Rule 50.

#### OPINION.

LANSDON: In this appeal the taxpayer, a Kansas corporation organized in 1906 and incorporated in 1907, claims the right to deduct a loss sustained in operations during the calendar year 1919, from profits earned during the calendar year 1920, under the net-loss provisions of section 204(b) of the Revenue Act of 1918. The Commissioner denies the right to make such deduction, and asserts as his reason for so denying that the taxpayer had forfeited its charter and was not legally in business in 1918, and therefore, on the principle established by the Board in the *Appeal of Butler's Warehouses, Inc.*, 1 B. T. A. 851, is not entitled to the relief claimed.

The laws of Kansas contain the following provisions governing the forfeiture and reinstatement of charters in that State:

> That whenever any corporation created under the laws of the State of Kansas, and which has been continuously engaged in carrying on one or more of the purposes of its organization since the forfeiture and cancellation of its charter under Chapter 129 of the Session Laws of 1911 the State of Kansas, shall have inadvertently let its charter be so forfeited and cancelled, but without any intention to surrender its corporate privileges and retire from business, such of said facts that are not shown by the records of the Secretary of State of Kansas or of the State Charter Board, being established by a resolution of its present Board of Directors, certified by its present secretary under the seal of the said corporation, then upon written application accompanied by said certified resolution, made by the present President and Secretary of said corporation to the said Charter Board, and upon payment by said corporation of all the corporate fees owing the State of Kansas by said corporation, ascer-

tained in such amounts as if duly paid by said corporation and upon filing a report as now required by the laws of the State of Kansas, by said corporation, such application, report and payment being made within six months, said Charter Board shall immediately set aside said forfeiture and cancellation of said charter and thereupon said charter shall stand as if all reports and payments required by the laws of the State of Kansas had been promptly and duly made and no forfeiture or cancellation thereof had:

*Provided also,* That the corporate acts of such corporation between the date of such forfeiture and cancellation and the date of such setting aside thereof, are hereby legalized and their rights and equities preserved to them. L–1917 Chap. 120, 17–224, Revised Statutes of Kansas, 1923.

In the light of the evidence and of the pertinent provisions of the laws of Kansas, the Board is of the opinion that the taxpayer must be recognized as a corporate entity during the years involved in this appeal, and is therefore entitled to have its tax liability for the years 1919 and 1920 computed under the provisions of section 204(b) of the Revenue Act of 1918.