*1122 OPINION.
Lansdon:
In this appeal the taxpayer, a Kansas corporation organized in 1906 and incorporated in 1907, claims the right to deduct a loss sustained in operations during the calendar year 1919, from profits earned during the calendar year 1920, under the net-loss provisions of section 204(b) of the Kevenue Act of 1918. The Commissioner denies the right to make such deduction, and asserts as his reason for so denying that the taxpayer had forfeited its charter and was not legally in business in 1918, and therefore, on the principle established by the Board in the Appeal of Butler’s Warehouses, Inc., 1 B. T. A. 851, is not entitled to the relief claimed.
The laws of Kansas contain the following provisions governing the forfeiture and reinstatement of charters in that State:
That whenever any corporation created under the laws of the State of Kansas, and which has been continuously engaged in carrying on one or more of the purposes of its organization since the forfeiture and cancellation of its charter under Chapter 129 of the Session Laws of 1911 the State of Kansas, shall have inadvertently let its charter be so forfeited and cancelled, but without any intention to surrender its corporate privileges and retire from business, such of said facts that are not shown by the records of the Secretary of State of Kansas or of the State Charter Board, being established by a resolution of its present Board of Directors, certified by its present secretary under the seal of the said corporation, then upon written application accompanied by said certified resolution, made by the present President and Secretary of said corporation to the said Charter Board, and upon payment by said corporation of all the corporate fees owing the State of Kansas by said corporation, ascer- *1123 tamed in such amounts as if duly paid by said corporation and upon filing a report as now required by the laws of the State of Kansas, by said corporation, such application, report and payment being made within six months, said Charter Board shall immediately set aside said forfeiture and cancellation of said charter and thereupon said charter shall stand as if all reports and payments required by the laws of the State of Kansas had been promptly and duly made and no forfeiture or cancellation thereof had:
Provides, also, That the corporate acts of such corporation between the date of such forfeiture and cancellation and the date of such setting aside thereof, are hereby legalized and their rights and equities preserved to them. L-1917 Chap. 120, 17-224, Revised Statutes of Kansas, 1923.
In the light of the evidence and of the pertinent provisions of the laws of Kansas, the Board is of the opinion that the taxpayer must be recognized as a corporate entity during the years involved in this appeal, and is therefore entitled to have its tax liability for the years 1919 and 1920 computed under the provisions of section 204(b) of the Revenue Act of 1918.